**TEXTILE WORKERS UNION OF AMERICA, AFL-CIO, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent,**

Roselle Shoe Corporation, Harry A. Lebowitz, Charles Rosenthal and Balfi Shoe Company, Inc., Intervenors.

**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**TEXTILE WORKERS UNION OF AMERICA, AFL-CIO, Respondent,**

Roselle Shoe Corporation et al., Intervenors.

**Nos. 16057, 16964.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 17, 1963.

Decided Jan. 31, 1963.

Mr. Edward Wynne, New York City, of the bar of the Court of Appeals of New York, *pro hac vice,* by special leave of court, with whom Mr. Benjamin Wyle, New York City, was on the brief, for petitioner in No. 16057 and respondent in No. 16964. Mr. Jerry D. Anker, Washington, D. C., also entered an appearance for petitioner in No. 16057.

Mr. Allison W. Brown, Jr., Atty., National Labor Relations Board, with whom Messrs. Stuart Rothman, General Counsel, Dominick L. Manoli, Associate Gen. Counsel, and Marcel Mallet-Prevost, Asst. General Counsel, National Labor Relations Board, were on the brief, for petitioner in No. 16964 and respondent in No. 16057.

Miss Helen F. Humphrey, Washington, D. C., was on the brief for intervenors.

Before BAZELON, Chief Judge, and FAHY and BASTIAN, Circuit Judges.

PER CURIAM.

Textile Workers Union of America, AFL-CIO v. N.L.R.B., 111 U.S.App.D.C. 109, 294 F.2d 738 (1961), wherein one of the two consolidated cases before us now was first considered, involved the validity of an order of the National Labor Relations Board based on a stipulation, entered into after Board complaint had issued, between the General Counsel of the Board and the employers charged with unfair labor practices. The stipulation set forth a settlement, the terms of which were incorporated in and constituted the basis of the Board's order. The Union had objected to the settlement and had requested a hearing on its objections, which the Board had refused. In the case above cited we set aside the order of the Board and remanded the case for further proceedings, any reinstatement of the order, or its modification or other action with respect to it, to await such further proceedings. The cases are now before us on the Union's petition in No. 16057 to set aside a supplemental decision and order of the Board made after the remand, and in No. 16984 on the Board's petition to enforce the supplemental order.

On the remand, as the present record shows, the Board complied with the requirements of our earlier opinion. It has placed on record its reasons for having accepted the stipulation as a basis for the previous order. This has enabled us to make an intelligent decision on review as to whether the Board's action is within the broad discretion the Board may exercise in the settlement of unfair labor practice cases. We think it is within such discretion, and since the Board has complied with our previous decision, the supplemental order, entered as a consequence, should now be enforced.

Our judgment is that the order of the Board is enforced.